UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MENACHEM SCHNEORSON,

        Appellant,

v.

JIL MAZER-MARINO and ALAN R. CRANE,

        Appellees.

**MEMORANDUM & ORDER**
23-CV-06318 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Appellant Menachem Schneorson ("Debtor") is the debtor in a Chapter 7 bankruptcy proceeding pending in the U.S. Bankruptcy Court for the Eastern District of New York.  *See In re Schneorson*, No. 1-22-40433 (Bankr. E.D.N.Y. filed Mar. 6, 2022).  Debtor appeals from an order denying his motion to recuse Bankruptcy Judge Jil Mazer-Marino from this and several other of his bankruptcy cases before her.  For the reasons set forth below, the decision on recusal is an interlocutory order that is not appealable as of right, and the Court exercises its discretion to deny Debtor leave to appeal it.

**PROCEDURAL HISTORY**

This Court has previously denied relief following several interlocutory appeals from Debtor related to his ongoing bankruptcy proceeding.  *See Schneorson v. Schneorson*, No. 22-cv-02434 & No. 22-cv-02445, 2023 WL 4490392 (E.D.N.Y. July 12, 2023) ("*Schneorson I*"); *Schneorson v. Schneorson*, No. 23-cv-05553, 2023 WL 4763410 (E.D.N.Y. July 26, 2023) ("*Schneorson II*").

By way of background, Debtor's wife commenced a divorce proceeding against him in a Florida state court in 2017.  *Schneorson II*, 2023 WL 4763410 at *1.  She filed a motion for

temporary financial relief including temporary alimony and temporary attorney's fees in connection with that proceeding. *Id.* On April 19, 2022, the divorce proceeding was removed by Debtor to the Bankruptcy Court for the Eastern District of New York. *Id.* On May 27, 2022, Debtor's wife filed a motion to remand the action to state court. *Id.* On October 30, 2022, the Bankruptcy Court issued a decision granting in part and denying in part Debtor's wife's motion to remand and retained jurisdiction over certain claims, including the bankruptcy estate's interest in proceeds related to certain properties. *Id.*

On May 31, 2023, Debtor moved to recuse Judge Mazer-Marino from this and several other of his bankruptcy cases. Bankr. ECF No. 114.[1] On July 20, 2023, Judge Mazer-Marino provided reasons on the record for the denial of Debtor's motion and entered an order on August 3, 2023, denying the motion. Bankr. ECF No. 119, 121. On August 23, 2023, Debtor filed a notice of appeal from the Bankruptcy Court, naming Judge Mazer-Marino and Debtor's wife's attorney as appellees. ECF No. 1.[2]

## DISCUSSION

The Bankruptcy Court's order denying Debtor's recusal motion is not a final order and therefore requires the Court's leave to appeal. *In re Ad Hoc Comm. of Tort Victims*, No. 04-cv-08934, 2005 WL 267564, at *2 (S.D.N.Y. Feb. 3, 2005) ("An order in which a judge declines to recuse himself or herself is unquestionably an interlocutory order."); *In re Goodwin*, 194 B.R.

---

[1] References in this decision to "Bankr. ECF No." refer to the docket entries in Debtor's proceeding pending in the Bankruptcy Court under Case No. 1-22-40433.

[2] Appellee and Debtor's wife, Margalit Schneorson, filed a brief where she argues that Debtor failed to demonstrate that the Bankruptcy Court abused its discretion in denying the motion to recuse and that Debtor failed to file a timely and legally sufficient affidavit pursuant to 28 U.S.C. § 144. ECF No. 11. Because the Court declines to grant leave to appeal, the Court does not address those arguments here.

214, 221 (B.A.P. 9th Cir. 1996) (same conclusion); *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 345 (B.A.P. 6th Cir. 2015), *aff'd*, 652 F. App'x 330 (6th Cir. 2016) (same).³  The Court will therefore treat Debtor's notice of appeal as a motion for leave to appeal an interlocutory order, as authorized by Bankruptcy Rule 8004(d).  *See In re Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (treating notice of appeal as a motion for leave to appeal and declining to grant leave to appeal).

Motions for leave to appeal interlocutory orders of bankruptcy courts are permitted by 28 U.S.C. § 158(a)(3).  *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021).  However, that provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders.  *Id.*  To fill this gap, "[c]ourts in this Circuit have invariably held that all appeals governed by Section 158(a)(3) should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted."  *Id.*  That provision, 28 U.S.C. § 1292(b), allows courts to accept an appeal of an interlocutory order only if "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018).  "All three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal."  *In re Segal*, 557 B.R. at 51.

"As to the first prong, an order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation."  *2178 Atl. Realty*, 2021 WL 1209355, at *4.  "In addition, the question of law

---

³   Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Est. of Veeraswamy*, No. 19-cv-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019). "The second prong, requiring a substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021). "The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558. When considering these requirements, the Court must be mindful of the foundational principle that "interlocutory appeals are strongly disfavored in federal practice." *Id.* Accordingly, "[g]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Joe's Friendly*, 628 B.R. at 185.

All factors point in the direction of declining to entertain Debtor's appeal. Regarding the first prong, the Bankruptcy Court's order denying recusal does not involve a controlling question of law because reversal of the order would neither terminate nor materially affect the outcome of the bankruptcy action. *2178 Atl. Realty*, 2021 WL 1209355, at *4. Furthermore, there is not substantial ground for difference of opinion on the Bankruptcy Court's decision to deny Debtor's motion seeking recusal because the order does not present an issue of conflicting authority, difficulty, or first impression. *See Osuji*, 285 F. Supp. 3d at 558. Much to the contrary, Debtor's

4

arguments, among others, that Judge Mazer-Marino should recuse herself because she, according to him, has "perpetuated the hostage situation within our esteemed judicial system," and "consistently leaned unfavorably against [him]," are frivolous. Bankr. ECF No. 116 at 1 (Ltr. in Support of Mot.); ECF No. 9 at 6 (Memo. in Support of Mot.).[4] Finally, granting leave for Debtor to appeal the Bankruptcy Court's order would not materially advance the termination of the bankruptcy proceeding, which has proceeded expeditiously pending resolution of this motion. Accordingly, the Court declines to grant Debtor leave to appeal the Bankruptcy Court's order denying Debtor's motion to recuse Judge Mazer-Marino.

## CONCLUSION

For the reasons set forth above, the Court declines to exercise jurisdiction over Debtor's appeal of the Bankruptcy Court's decision, and the Court therefore dismisses Debtor's appeal. The Clerk of Court is respectfully directed to enter judgment, close the case, and mail a copy of this Order and the forthcoming judgment to the *pro se* Appellant.

SO ORDERED.

 */s/ Hector Gonzalez*  
HECTOR GONZALEZ  
United States District Judge

Dated: Brooklyn, New York  
September 26, 2024

---

[4]  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

5